Nott, J.,
dissenting:
1. Congress, which made the law of this case, enacted and specially provided that whatever damages should be awarded by the arbitrator to the claimant, should be paid and payable only out of a certain trust fund, contributed by the Chinese government, for the liabilities of the Chinese government. This court cannot, I think, make the award payable in part out of the general appropriations contributed by the tax-payers of the United States for the debts of the United States.
2. When the private act of 22d February, 1869, was passed, the trust fund had been turned from gold into another currency. The arbitrator should have done what this court, under precisely similar conditions, in the abandoned or captured property cases did; he should have ascertained at what rate the gold sold, and then have made his award at that rate equivalent in currency. The claimant has no right to recover currency at any other rate of exchange, nor could the Secretary of State, nor can this court, help out and extend the terms of the award. The claimant should have gone back and had it corrected, when he found that it could not be executed in its defective form.
3. The agent of the defendants in this matter was the Secretary of State, and he paid the amount of the award in funds passing current among men, with the express avowal that it was payment in full. There is nothing in the objection that the agent of the claimant was authorized to receive payment only in gold. The objection had been good had the principal repudiated the transaction, but he received the money and ratified the act. I know of no case where a man has been allowed to accept a tender in full of a debt in what passed current as money and then sue for a part of the debt, as though it had not all been paid. And I am still of the belief, that where a tender is made in any representative of money, the creditor may take it as such, or may let it alone, and sue for the debt, but that he cannot do both.
4. The claimant asks this court to do what the Supreme *523 Court bas decided no court can do, viz, transmute a debt payable in gold into another amount payable in currency. (Butler v. Horwitz, 7 Wall. R., p. 258.)
5. As to the power of this court to render a.judgment payable in gold, the relief has not been aslied, and the point has not been made, and I prefer not to pass upon the question till it has been presented.
The petition should be dismissed.
Pecic, J., did not sit in this case, and took no part in the decision.